## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| LEONARD J. RICHARDS,<br><br>Plaintiff,<br><br>v.<br><br>GREAT WESTERN INSURANCE COMPANY, a foreign corporation doing business in Minnesota; GILL BROTHERS FUNERAL CHAPELS, INC., a Minnesota Chapter 302A business corporation; FEDERAL TRADE COMMISSION; PATRICK DONAHOE, U.S. Postmaster General; STATE OF MINNESOTA, by Lori R. Swanson, its Attorney General; DAVID J. BENKE, Supervisor, Minnesota Department of Health; MICHAEL J. ROTHMAN, Commissioner, Minnesota Department of Commerce; THOMAS ROY, Commissioner, Minnesota Department of Corrections; and all person acting in concert with any of the defendants or on their behalf;<br><br>Defendants. | Civil No. 11-00965 (JRT/TNL)<br><br><br><br><br><br>**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

Leonard J. Richards, #149837, Minnesota Corectional Facility-Faribault, 1101 Linden Lane, Faribault, MN 55021, plaintiff *pro se*.

Michael P. Eldridge and Timothy J. Nolan, **MCGRANN SHEA CARNIVAL STRAUGHN & LAMB, CHARTERED**, 800 Nicollet Mall, Suite 2600, Minneapolis, MN 55402, for defendant Great Western Insurance Co.

Tamara O'Neill Moreland & Julie N. Nagorski, **LARKIN HOFFMAN DALY & LINDGREN LTD**, 7900 Xerxes Avenue South, Suite 1500, Minneapolis, MN 55431, for defendant Gill Brothers Funeral Chapels, Inc.

Ana H. Voss, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendants Federal Trade Commission and Patrick Donahoe.

Jocelyn F. Olson, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 900, Saint Paul, MN 55101, for defendants State of Minnesota, David J. Benke, Michael J. Rothman, and Thomas Roy.

Plaintiff, Leonard J. Richards, filed this action against Defendants Great Western Insurance Company ("Great Western"); Gill Brothers Funeral Chapels, Inc. ("Gill Brothers"); the Federal Trade Commission ("FTC"); Patrick Donahoe, United States Postmaster General (the FTC and Donahoe are, collectively, "Federal Defendants"); the State of Minnesota; David J. Benke, Supervisor of the Minnesota Department of Health; Michael J. Rothman, Commissioner of the Minnesota Department of Commerce; and Thomas Roy, Commissioner of the Minnesota Department of Corrections (the State of Minnesota, Benke, Rothman, and Roy are, collectively, "State Defendants"). Richards seeks declaratory and other relief from injuries he asserts are the result of mishandling of his irrevocable funeral trust. Great Western, Gill Brothers, and the Federal Defendants each filed a motion to dismiss. (Docket Nos. 17, 23, and 29, respectively.) Richards objected to material filed in Gill Brothers' materials supporting their motion to dismiss and filed a Motion for Sanctions and a Motion for a Protective Order (Under Fed. R. Civ. P. 5.2(a), (e)). (Docket No. 76.) Richards also filed a motion to Strike Great Western's Reply [Memorandum in Support of its Motion to Dismiss] and Supporting Affidavit. (Docket No. 115.) On January 13, 2012, United States Magistrate Judge Tony N. Leung

issued a Report and Recommendation ("R&R") recommending that the Court grant the Federal Defendants' motion to dismiss, remand Great Western and Gill Brothers' motions to dismiss, and deny Richards' motions. Great Western, Gill Brothers, and Richards all made timely objections to the R&R.[1] Having conducted a *de novo* review of those portions of the R&R to which the parties object, *see* 28 U.S.C. § 636(b)(1)(C), D. Minn. L.R. 72.2(b), and having carefully reviewed the submitted materials, the Court overrules the parties' objections and adopts the R&R in its entirety.

## BACKGROUND

Richards' half-sister established a preneed irrevocable funeral trust ("Trust") for Richards in 1999. (Compl. ¶ 28, Docket No. 1.) Minnesota Statute § 149A.97 permits a funeral home to accept funds in prepayment of funeral services. The funds are to be held in trust or used to purchase an insurance policy. Minn. Stat. §§ 149A.02, subd. 33a; 149A.97. The original trustee was Washburn-McReavy Funeral Chapels, Inc. (Compl. ¶ 29), which deposited the trust's funds into an account at Associated Bank, N.A. (*Id.* ¶ 31).[2] In July 2010, Richards removed Washburn-McReavy Funeral Chapels, Inc. as trustee, in favor of Gill Brothers. (*Id.* ¶ 33.) Gill Brothers submitted a life insurance application to Great Western on Richards' behalf. (*See id.* ¶¶ 18-19.) Great Western

---

[1] The Court has read and carefully considered all of Richards' filings objecting to the R&R, including his Initial Objection to the R&R (Docket No. 196), his responses to Gill Brothers' and Great Western's objections (Docket Nos. 203, 204), and his additional Statement and Declaration (Docket Nos. 206, 207).

[2] Neither Washburn-McReavy Funeral Chapels, Inc. nor Associated Bank is a party to this litigation.

refused to insure Richards because he is incarcerated.[3] (*Id.* ¶ 21.) Gill Brothers returned the trust funds to Richards. (*Id.* ¶ 49.) Because Richards is incarcerated, when Gill Brothers sent the funds to Richards, the Minnesota Department of Corrections imposed a ten-percent surcharge of $90.48 on the funds.[4] *See* Minn. Stat. § 243.23, subd. 3; *Weber v. Hvass*, 626 N.W.2d 426, 436 (Minn. Ct. App. 2001) (upholding a ten-percent cost-of-confinement surcharge on non-exempt, non-wage funds).

Richards asserts that Gill Brothers was obligated to present Richards with an alternative method of forming a preneed irrevocable funeral trust and their failure to do so violated the federal "Funeral Rule," 16 C.F.R. §§ 453.1 *et seq.*[5] (Compl. ¶ 46.)

---

[3] Richards is serving consecutive life terms. *See Minnesota v. Richards*, 552 N.W.2d 197 (Minn. 1996); *Minnesota v. Richards*, 495 N.W.2d 197 (Minn. 1992); *In re Application of Richards*, No. CX-97-1259, 1998 WL 2427, at *1 (Minn. Ct. App. 1998). Richards asserts in his objections to the R&R that mention of this history is indicative of a "biased view of Plaintiff." (Initial Obj. of Pl. to R&R at 2, Docket No. 196.) On the contrary, Richards' history is relevant to this case, and, indeed, was noted by him in his Complaint. (*See* Compl. ¶ 54.)

[4] Richards asserts that Gill Brothers "bungled its nefarious placating donation" by returning the money to him via the Department of Corrections. (*See* Compl. ¶ 49.) Gill Brothers asserts that it returned "to Richards, pursuant to his instructions, Richards' un-cashed check[.]" (Gill Brothers' Mem. in Supp. of Mot. to Dismiss at 1, Docket No. 25.)

[5] The FTC promulgated the "Funeral Rule" in September 1992. *Funeral Consumer Alliance, Inc. v. Fed. Trade Comm'n*, 481 F.3d 860, 861 (D.C. Cir. 2007). The Rule "prohibits funeral providers from making misrepresentations about legal requirements, and it requires that providers make certain disclosures and give customers an itemized price list. *See* 16 C.F.R. §§ 453.1-453.9." *Id.*

Federal courts that have considered the issue have uniformly found no private cause of action under the Funeral Rule. *SCI Tex. Funeral Servs., Inc. v. Hijar*, 214 S.W.3d 148, 154 (Tex Ct. App. 2007). Moreover, Richards admits that he is not asserting a claim against Gill Brothers for violation of the Funeral Rule. (Pl.'s Response to Gill Brothers' Objection to the R&R at 2, Docket No. 204.) Consequently, the Court finds that Richards has not pled violation of the Funeral Rule as a cause of action.

Richards asserts claims against Gill Brothers for breach of its fiduciary obligations, negligence, conversion, and tortious conduct. (*See id.* ¶¶ 41-51.)

Richards argues that by denying him coverage, Great Western acted negligently and violated the Minnesota Human Rights Act, Minn. Stat. §§ 363A.01 *et seq.*, and Minn. Stat. § 145C.05 (noting the provisions that may be included in a health care directive).[6] (Compl. ¶ 23.) Richards claims that both Great Western and Gill Brothers violated Minn. Stat. §149A.97, subd. 5 (describing a funeral provider's obligations regarding trust funds). (*Id.* ¶¶ 35-36.)

In an attempt to resolve his dispute with Gill Brothers and Great Western, Richards consulted a booklet published by the FTC entitled *Funerals: A Consumer Guide*. (*Id.* ¶¶ 54-55.) On November 16, 2010, Richards sent a certified letter[7] through the United States Post Office to the address provided in *Funerals: A Consumer Guide* for the Funeral Service Consumer Assistance Program. (*Id.* & Ex. E.) Richards alleges that the address was incorrect and so his letter was not delivered. (*Id.* ¶ 55.) Richards asserts claims against the FTC for tortious conduct and claims against Donahoe, in his capacity as Postmaster General, for breach of contract.

---

[6] In his objections to the R&R, Richards also asserts that Great Western, Gill Brothers and the State Defendants violated the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc-1. Richards did not raise these allegations in his Complaint. Richards has not asked the Court's permission to amend his Complaint nor have the other parties given their written consent. *See* Fed. R. Civ. P. 15(a). Consequently, the Court will not consider this claim. *Id.*

[7] Richards was charged $6.15 in postage and fees to mail the letter. (Compl. ¶ 58.) In his objection to the R&R, Richards suggests he mailed multiple letters by certified mail. (*See* Initial Obj. of Pl. to R&R at 21 n.14.) The number of letters sent is irrelevant. (*See* Part I.C, *infra.*)

Richards also brings a variety of claims against the State Defendants. (*See generally id.* ¶¶ 60-69.) Richards seeks an order compelling Rothman, Commissioner of the Minnesota Department of Commerce, to respond to a letter. Richards seeks injunctive relief against Benke and Roy and asks that the Court order an investigation of Gill Brothers' conduct. Richards also asks the Court to order the State Defendants to implement the mortuary provisions of his health care directive. Finally, Richards seeks declaratory relief against all Defendants, in effect asking for a directed verdict, injunctive relief, punitive damages, and costs. (*Id.* ¶ 70.)

**Procedural History**

This case originated in Ramsey County District Court, and the Federal Defendants removed it to this Court. (Notice of Removal, Docket No. 1) Instead of responding to Richards' Complaint, Great Western, Gill Brothers, and the Federal Defendants filed motions to dismiss. Great Western and Gill Brothers both bring Rule 12(b)(6) motions to dismiss, asserting that Richards' Complaint failed to state a claim upon which relief may be granted. (Docket Nos. 17, 23.) The Federal Defendants bring a Rule 12(b)(1) motion to dismiss, asserting that this Court lacks subject matter jurisdiction over Richards' claims against them. The Magistrate Judge recommended that Great Western and Gill Brothers' motions be remanded to the state court for resolution[8] and that the Federal Defendants' motion be granted. Richards objects to each of these recommendations,

---

[8] The Magistrate Judge recommended, in the alternative, that the matter be remanded and such motions be denied without prejudice to permit refiling in state court.

asserting that this Court has jurisdiction over all of his claims. Great Western and Gill Brothers object that their motions should be dismissed in full, not remanded.

In support of its motion to dismiss, Gill Brothers submitted supporting material that contained Richards' personal data identifiers. (*See* Docket No. 26.) Richards moved for sanctions and a protective order. (Docket No. 76.) The Magistrate Judge ordered the relevant documents to be placed under seal and ordered Gill Brothers to refile the materials with the personal data identifiers redacted. (Docket No. 91.) The Magistrate Judge further recommended that Richards' motions be denied. Richards objects to this recommendation, asserting that he is entitled to compensation.

Richards also moved to strike Great Western's reply to his motion to dismiss (Docket No. 92) asserting that it was untimely submitted and that "Great Western did not mail its reply papers to Plaintiff." (Docket No. 115.) The Magistrate Judge recommended that this motion be remanded to the state court for resolution.[9]

Finally, the State Defendants move the Court for judgment on the pleadings, or, in the alternative, for summary judgment. (Docket No. 95.) The Magistrate Judge recommended that this motion be remanded to the state court for resolution.[10] The State Defendants did not file an objection to the R&R. Richards appears to object to this portion of the recommendation only to the extent he asserts this Court has jurisdiction over all of the claims.

---

[9] The Magistrate Judge recommended, in the alternative, that the matter be remanded and such motions be denied without prejudice to permit refiling in state court.

[10] The Magistrate Judge recommended, in the alternative, that the matter be remanded and such motions be denied without prejudice to permit refiling in state court.

## ANALYSIS

I. **FEDERAL DEFENDANTS' MOTION TO DISMISS**

　A. **Standard of Review**

The Court may dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "Dismissal for lack of subject matter jurisdiction will not be granted lightly. Dismissal is proper, however, when a facial attack[11] on a complaint's alleged basis for subject matter jurisdiction shows there is no basis for jurisdiction." *Wheeler v. St. Louis Sw. Ry.,* 90 F.3d 327, 329 (8th Cir. 1996) (citation omitted). It is the burden of the party asserting jurisdiction to prove by a preponderance of the evidence that jurisdiction exists. *V S Ltd. P'ship v. Dep't of Hous. and Urban Dev.,* 235 F.3d 1109, 1112 (8th Cir. 2000). If the Court finds that jurisdiction is not present, it must dismiss the matter. Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999).

The Court has subject-matter jurisdiction over a claim against the United States only if the United States has waived its sovereign immunity. *United States v. Orleans,* 425 U.S. 807, 814 (1976). The United States has waived immunity for some actions in tort, under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2674. The FTCA expressly excludes certain actions from this waiver, 28 U.S.C. § 2680; and prior to asserting a tort claim against the United States, a claimant must exhaust his

---

[11] The Magistrate Judge determined that the Federal Defendants' jurisdictional challenge should be treated as a facial attack. (R&R at 9-10.) No party has contested this determination and so the Court adopts the reasoning of the Magistrate Judge.

administrative remedies within the appropriate federal agency, 28 U.S.C. § 2675(a). Courts "should not take it upon [them]selves to extend the waiver beyond that which Congress intended." *United States v. Kubrick,* 444 U.S. 111, 117-18 (1979).

### B.    Tort Claims

Richards asserts that the FTC engaged in tortious conduct by publishing a booklet that "contained false information [the address of the Funeral Service Consumer Assistance Program], which Plaintiff in good faith relied on to his detriment." (Compl. ¶¶ 55-56.) Richards' claim is barred, however, by the sovereign immunity doctrine. As 28 U.S.C. § 2680(h) makes clear, in the FTCA the United States explicitly did not waive immunity from "any claim arising out of . . . misrepresentation[.]" Because Richards' claims against the FTC rest on an alleged misrepresentation, the Court must dismiss them for lack of subject matter jurisdiction.

Similarly, to the extent that Richards asserts a claim against Donahoe or the United States Post Office for negligent handling of his certified letter, that claim is also barred. *See* 28 U.S.C. § 2680(b) ("[No waiver for a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.").

### C.    Contract Claims

Richards also raises a breach of contract claim against Donahoe, in his capacity as United States Postmaster General. Richards' claim, although it may "echo [in] contract," is essentially a dispute over postal services. *LeMay v. U.S. Postal Servs.*, 450 F.3d 797, 801 (8th Cir. 2006). Moreover, 39 U.S.C. § 3662 gives exclusive jurisdiction over

disputes involving postal services to the Postal Rate Commission. *LeMay*, 450 F.3d at 800. Richards cannot avoid the Postal Rate Commission's jurisdiction through "artful pleading." *See id.* at 801. The Court will dismiss Richards' claims against the United States Post Office for lack of subject matter jurisdiction.

### D.    Other Claims Against Federal Defendants

Richards also asserts that he is entitled to declaratory relief because Defendants did not contest his claims. Richards, however, asserts no additional claims in his request for declaratory relief. Because the Court has already determined that it has no subject matter jurisdiction over Richards' claims against the Federal Defendants, the Court lacks subject matter jurisdiction to resolve this claim. Finding that it lacks subject matter jurisdiction over any claim asserted against the Federal Defendants, the Court will grant the Federal Defendants' motion to dismiss.

## II.    JURISDICTION OVER REMAINING CLAIMS

This action was removed to this Court pursuant to 28 U.S.C. § 1442(a) (allowing defendant federal officers and agencies to remove an action from state court to the federal district court in which the action is pending). Following removal, this Court arguably possessed supplemental jurisdiction over Richards' state-law claims. *See* 28 U.S.C. § 1367(a). With the dismissal of all the claims against the Federal Defendants, the original basis for this Court's jurisdiction no longer exists. The Magistrate Judge found that there are no federal questions and the parties lack complete diversity and recommended the case be dismissed. Richards objects, asserting that this Court still has

federal-question jurisdiction. Great Western objects, asserting that this court still has diversity jurisdiction. Gill Brothers objects, asserting that this Court should exercise its discretion and dismiss its entire claim.

### A. Standard of Review

"It is a fundamental precept that federal courts are courts of limited jurisdiction," whose power extends only to those controversies that satisfy certain constitutional and statutory requirements. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 371-72, 374 (1978). The Court is "required to resolve all doubts about federal jurisdiction in favor of remand." *In re Bus. Men's Assurance Co. of Am.,* 992 F.2d 181, 183 (8th Cir. 1993). However, "[a] district court has no discretion to remand a claim that states a federal question." *Gaming Corp. of Am. v. Dorsey & Whitney,* 88 F.3d 536, 542 (8th Cir. 1996). The party opposing remand has the burden of establishing federal subject matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.,* 992 F.2d at 183.

### B. Richards' Objections

Richards objects that the Magistrate Judge failed to consider Defendants' blocking of his health care directive rights – rights, he asserts, which are protected by the Religious Land Use and Institutionalized Person Act of 2000 ("RLUIPA"). 42 U.S.C. §§ 2000cc-1 *et seq.* Richards further asserts that "[f]ederal courts have original jurisdiction over RLUIPA cases." (Initial Obj. of Pl. to R&R at 16, Docket No. 196.)

First, Richards did not directly bring a violation of his rights under RLUIPA in his Complaint. (*See* Compl.) Richards has not asked the Court's permission to amend his

Complaint nor have the other parties given their written consent. *See* Fed. R. Civ. P. 15(a). Consequently, the Court will not consider Richards' assertions that he has a cause of action under RLUIPA. *See id.*

Richards' argument is that his claims of violations of his "health care directive rights" implicate RLUIPA. (Initial Obj. of Pl. to R&R at 12 (citing Compl. ¶¶ 36-37, 50, 68).) But Richards cites to no authority to support this assertion. Nor has Richards cited to any authority that a health care directive creates an enforceable right under RLUIPA. The Court finds that Richards, as the party opposing remand, has not met his burden of demonstrating that this Court has federal question jurisdiction.

### C. Great Western and Gill Brothers' Objections

Great Western asserts that this Court should exercise diversity jurisdiction over its claims. In order to exercise diversity jurisdiction, the matter in controversy must exceed $75,000 and must be between citizens of different states. 28 U.S.C. § 1332(a). Section 1332 requires "**complete** diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (emphasis added). Richards and all of the remaining defendants except Great Western are citizens of the state of Minnesota. Consequently, complete diversity does not exist, and that means that this Court does not possess diversity jurisdiction.[12]

---

[12] Both Richards and Great Western assert in their objections that the amount in controversy could exceed $75,000. The Court will not address these assertions because, regardless of the amount in controversy, it cannot exercise diversity jurisdiction.

Gill Brothers asserts that the Court's determination that there is no private right of action under the Funeral Rule is a "ruling on a portion of Gill Brothers' motion to dismiss" and it requests that the Court rule on its motion to dismiss in its entirety, also ruling on Richards' claim under Minn. Stat. § 149A.97. Gill Brothers offers no argument that Richards' claim under Minn. Stat. § 149A.97 is "so related to claims in the action" within the jurisdiction of this court as to "form part of the same case or controversy." *See* 28 U.S.C. § 1367(a). Indeed, ruling on Richards' remaining claim would require this Court to determine issues of state law. The Court concludes that Gill Brothers has not met its burden of establishing federal subject matter jurisdiction, and the Court will remand this matter to the more appropriate, state-court forum.

In the alternative, both Gill Brothers and Great Western request that the Court remand their pending motions to the state court, rather than dismiss the matter without prejudice so that Richards may refile his motions in state court. In the interests of judicial efficiency, the Court will adopt the Magistrate Judge's recommendation and will remand the pending motions to state court, and suggest that the state court, which does have jurisdiction, consider and decide the motions.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** the objections of Richards [Docket Nos. 196 and 207], Gill Brothers Funeral Chapels, Inc. [Docket No. 193], and Great Western Insurance Company [Docket No. 195], and **ADOPTS** the Report and Recommendation of the Magistrate

Judge dated January 13, 2012 [Docket No. 190]. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Federal Defendants' Motion to Dismiss [Docket No. 29] is **GRANTED**.

2. Richards' Motion for Sanctions and for a Protective Order (Under Fed. R. Civ. P. 5(e)) [Docket No. 76] is **DENIED**.

3. This matter, including but not limited to the remaining pending motions of Richards [Docket Nos. 115, 182], Gill Brothers Funeral Chapels, Inc. [Docket No. 23], Great Western Insurance Company [Docket No. 17], David J. Benke, the State of Minnesota, Michael J. Rothman, and Thomas Roy [Docket No. 95] is **REMANDED** to the State of Minnesota District Court, Second Judicial District, County of Ramsey.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 5, 2012　　　　　　　　　　　____s/ John R. Tunheim____
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　United States District Judge